**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ALEX RUIZ** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:22-cv-01103** |
| | § | |
| **LAND O'LAKES, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446  Defendant Land O'Lakes, Inc. ("Defendant") removes this action brought by Plaintiff Alex Ruiz ("Plaintiff") in the 17th Judicial District Court of Tarrant County, Texas and states:

**BACKGROUND**

1.     Plaintiff filed a Petition (the "Original Petition") on November 7, 2022 in the 17th Judicial District, Tarrant County, Texas, where his Original Petition was assigned Case Number 017-338325-22 ("State Court Action").

2.     Defendant received service of the Original Petition on November 10, 2022. This Notice of Removal, together with all process, pleadings, and orders served on Defendant, or otherwise on file in the State Court Action, are being filed in this Court within 30 days after the initial service of citation on Defendant. The removal is therefore timely under 28 U.S.C. § 1446(b).

3.     Pursuant to Local Rule 81.1, an index of the documents filed in the State Court Action, the State Court Docket Sheet, and copies of all documents filed in the State Court Action, other than discovery, are attached hereto as *Exhibit A*. Defendant's Certificate of Interested

Persons will be filed separately. A copy of this Notice of Removal is also being filed with the Clerk of the State Court in which the action was filed.

4.      In his Original Petition, Plaintiff claims that following an injury he sustained while working for Defendant that such injury constituted a disability to which Defendant failed to engage in his request for a reasonable medical accommodation. *See* Plaintiff's Original Petition. Plaintiff further alleges that Defendant failed to provide a reasonable accommodation and subjected him to discrimination based on his alleged disability. *Id.* Lastly, Plaintiff brings an improper claim under Chapter 451 of the Texas Labor Code in which he alleges that he was discriminated against following the filing of a workers' compensation claim. *Id.*

**GROUNDS FOR REMOVAL – DIVERSITY**

5.      This Court has jurisdiction over the State Court Action pursuant to 28 U.S.C §1332 because it is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interests. Complete diversity exists between the parties as Plaintiff is a citizen of the State of Texas and Defendant is not a citizen of Texas.

6.      At all times relevant to this suit, Plaintiff was a citizen of Texas. (Original Petition at ¶2).

7.      Defendant is a national agricultural corporation that was incorporated under the laws of the State of Minnesota. (Original Petition at ¶2). In addition, Defendant's headquarters are located in Arden Hills, Minnesota which is deemed its principal place of business. (Original Petition at ¶2).  Therefore, Defendant is a citizen of Minnesota for diversity purposes which Plaintiff does not dispute.

8.      In Paragraph 5 of the Original Petition, Plaintiff "seeks monetary relief over $1,000,000.00." (Original Petition at ¶5). Accordingly, this action is one in which the "controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. §1332(a)(1).

## PLAINTIFF'S WORKERS' COMPENSATION CLAIMS ARE IMPROPERLY JOINED

9.      Despite Plaintiff's claim that the case is not removable due to the inclusion of a workers' compensation claim, his workers' compensation claims are improperly joined due to being time-barred and therefore should be dismissed by the Court. Defendant acknowledges that a workers' compensation claim cannot be removed under 28 U.S.C. §1445(c). However, as Plaintiff's workers' compensation claims are improperly joined, the inclusion of the claims by Plaintiff do not defeat the removability of the action.

10.     A removing party may establish the improper joinder of claims by either "(1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a cause of action in state court against the party or claim alleged to be improperly joined." *Rawls v. Old Republic General Insurance Group, Inc.*, 489 F.Supp.2d 646, 653 (S.D. Tex. 2020) (internal citations omitted). In determining a plaintiff's inability to establish a cause of action in state court, courts tend to conduct an analysis similar to that of a Rule 12(b)(6) motion. *Smallwood v. Ill Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Even so, courts have the discretion to "pierce the pleadings and conduct a summary inquiry" in order to determine if the claim has been improperly joined so as to defeat jurisdiction. *Rawls*, 489 F.Supp.2d at 654 *citing Smallwood*, 385 F.3d at 573. If a plaintiff has no possibility of recovery, "the Court must dismiss the claim as improperly joined." *Rawls*, 489 F.Supp.2d at 654.

11.    In this case, Plaintiff brings a workers' compensation claim for wrongful discrimination as well termination under section 451.001(3) of the Texas Labor Code. (Original Petition at ¶¶33-38). A party must bring a workers' compensation retaliation claim within two years. *Johnson & Johnson Med., Inc. v. Sanchez*, 924 S.W.2d 925, 927 (Tex.1996). Plaintiff alleges in his Petition that he was terminated on October 22, 2020. (Petition at ¶13). Therefore, it is clear based on the face of the Original Petition that Plaintiff's workers' compensation claims are time-barred as he claims he was terminated on October 22, 2020 and did not file suit until November 7, 2022. As Plaintiff has no possibility of recovery as to his workers' compensation claims, the claims are improperly joined and do not defeat diversity jurisdiction amongst the parties in this case.

## CONCLUSION

THEREFORE, based on 28 U.S.C. §§ 1332, 1441(b), and 1446 and that Plaintiff's workers' compensation claims are improperly joined, Defendant respectfully removes *Alex Ruiz v. Land O'Lakes,Inc.*, Cause No. 017-338325-22, pending in the 17th Judicial District, Tarrant County, Texas to this Honorable Court.

DATED:  December 12, 2022

Respectfully submitted,

/s/ *Frank Davis*

Frank Davis
Texas Bar No. 24031992
frank.davis@ogletree.com
Alise N. Abel
Texas Bar No. 24082596
alise.abel@ogletree.com
**OGLETREE, DEAKINS, NASH, SMOAK &**
**STEWART, P.C.**
8117 Preston Road, Suite 500
Dallas, Texas  75225
(214) 987-3800
(214) 987-3927 (Fax)
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2022, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Plaintiff's counsel:

/s/ *Frank Davis*

Frank Davis