IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ALEX RUIZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:22-cv-01103-P |
| § | |
| LAND O'LAKES, INC., § | |
| § | |
| Defendant. § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

### I.
### INTRODUCTION

Alex Ruiz ("Plaintiff") files this First Amended Complaint against Land O'Lakes, Inc. ("Defendant") and respectfully shows as follows.

### II.
### PARTIES

1. Plaintiff is an individual and a citizen of Tarrant County, Texas.

2. Defendant is a corporation organized under the laws of the state of Minnesota with its principal place of business located at 4001 Lexington Avenue North Arden Hills, MN 55126. Defendant has already made an appearance in this lawsuit.

### III.
### JURISDICTION

3. This Court has jurisdiction over this action based on diversity, pursuant to 28 U.S.C. § 1332 and 1441(a) and (b).

### IV.
### VENUE

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Tarrant County.

5.  Tarrant County lies within the Fort Worth Division of the Northern District of Texas, as set forth in 28 U.S.C. § 124(a)(1)/124(c)(3).

## V.
## BACKGROUND FACTS

6.  Plaintiff worked for Defendant from on or about February 5, 2018, until he was wrongfully terminated on or about October 22, 2020.

7.  Plaintiff worked at Defendant's Purina Plant located in Fort Worth, Texas, first as a semi-skilled operator and then as a maintenance technician.

8.  On October 2, 2020, Plaintiff was assisting a higher-ranking maintenance technician in repairing a broken chain and sprocket on a block wrapper machine.

9.  Prior to Plaintiff repairing the machine, the machine was operating without a guard in order to run faster to meet production deadlines, and the safety switch had been bypassed.

10. Plaintiff's supervisors, including Greg Talbott, were aware that the guard was being bypassed and expected it to be left that way to meet the production deadlines.

11. The block wrapper machine also had multiple mechanical issues and malfunctions that needed to be fixed in order for it to operate safely, which was known to Defendant.

12. After Plaintiff made his initial adjustments and repairs, the operator powered up the machine and Plaintiff noticed the conveyor belt was jumping.

13. Plaintiff pulled himself under the machine to see which chain was jumping.

14. When Plaintiff pushed himself out from under the machine, his hand slipped and got caught in the chain and sprocket because there was no guard under the shrink wrap.

15. Because Defendant was intentionally operating the machine in an unsafe manner, the chain cut off Plaintiff's left index finger.

16. Plaintiff was taken to the hospital for medical attention.

17. Plaintiff's finger required surgical repair and resulted in permanent loss of feeling and use.

18. On October 5, 2020, Plaintiff's physician released him to return to work on October 6, 2020, with restrictions preventing him from using his left upper extremity.

19. On October 6, 2020, Maintenance Supervisor, Greg Talbott, told Plaintiff to lie to corporate about how the accident occurred.

20. Mr. Talbott threatened Plaintiff that he would be in trouble if he told the truth.

21. Mr. Talbot also insisted that Plaintiff not report the accident or file for workers' compensation benefits because he did not want to be held responsible for the accident.

22. After Plaintiff's injury, Mr. Talbott made Plaintiff return to work and be on light duty so that corporate would not discover the accident.

23. On or around October 22, 2020, Plaintiff was informed that he was terminated for allegedly failing to follow safety guidelines.

## VI.
## CONDITIONS PRECEDENT

24. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and this Charge was duel filed with the Texas Workforce Commission.

25. The Charge was filed within 180 days after Plaintiff was terminated.

26. The EEOC has issued a Right to Sue on the Charge.

27. More than 180 days have passed since the Charge was filed and no action has been taken by the TWC.

28. Plaintiff has timely exhausted all of his administrative remedies.

## VII.
## CAUSES OF ACTION

A. **Cause of Action—Disability Discrimination—Failure to Engage in Required Interactive Process—TCHRA[1]**

29. Plaintiff incorporates each of the foregoing paragraphs.

30. Plaintiff informed Defendant of his disability and need for a reasonable medical accommodation.

31. Defendant refused to engage in the required interactive process with Plaintiff concerning his request for a reasonable medical accommodation.

32. Defendant's actions violated section 21.051 of the Texas Labor Code.

B. **Cause of Action—Disability Discrimination—Failure to Accommodate—TCHRA**

33. Plaintiff incorporates each of the foregoing paragraphs.

34. Plaintiff requested a reasonable medical accommodation.

35. Defendant refused to provide Plaintiff with a reasonable medical accommodation.

36. Defendant's actions violated section 21.051 of the Texas Labor Code.

C. **Cause of Action—Disability Discrimination—TCHRA**

37. Plaintiff incorporates each of the foregoing paragraphs.

38. Defendant discriminated against Plaintiff because of his disability, and/or perceived disability, and/or record of a disability, and/or because it regarded him as disabled.

39. Defendant's actions violated section 21.051 of the Texas Labor Code.

D. **Cause of Action—Wrongful Termination—Disability Discrimination—TCHRA**

40. Plaintiff incorporates each of the foregoing paragraphs.

41. Defendant terminated Plaintiff's employment because of his disability, and/or perceived disability, and/or record of a disability, and/or because it regarded him as disabled.

---

[1] Texas Commission on Human Rights Act.

42. Defendant's actions violated section 21.051 of the Texas Labor Code.

**E.    Cause of Action—Unlawful Retaliation—TCHRA**

43. Plaintiff incorporates each of the foregoing paragraphs.

44. Plaintiff engaged in protected activity as set forth in Texas Labor Code section 21.055.

45. In response, Defendant retaliated against Plaintiff and ultimately terminated his employment.

46. Defendant's actions violated section 21.055 of the Texas Labor Code.

## VIII.
## DAMAGES

47. Plaintiff incorporates each of the foregoing paragraphs.

48. Defendant's actions also violated the Texas Commission on Human Rights Act, which entitles Plaintiff to recover from Defendant back pay, front pay, compensatory damages, as well as pre-judgment and post-judgment interest.

49. Because Defendant's actions were done with malice and/or reckless indifference to Plaintiff's state-protected rights, Plaintiff is entitled to recover from Defendant punitive damages.

50. Plaintiff seeks all damages available to him under the TCHRA.

51. Plaintiff seeks all damages available to him under the Texas Anti-Retaliation Statute.

## IX.
## ATTORNEYS' FEES AND COSTS

52. Plaintiff incorporates each of the foregoing paragraphs.

53. Plaintiff retained the services of undersigned counsel to prosecute his claims.

54. Pursuant to Texas Labor Code section 21.259, Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees.

## X.
## INJUNCTIVE AND DECLARATORY RELIEF

55. Plaintiff incorporates each of the foregoing paragraphs.

56. Plaintiff requests the Court enter an order providing injunctive and declaratory relief including, but not limited to:

    a. Prohibiting Defendant from engaging in unlawful discrimination;

    b. Reinstating Plaintiff's employment with Defendant with backpay;

    c. Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

    d. Paying court costs;

    e. A declaration that Defendant violated Plaintiff's rights under state and federal law, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

    f. Any additional equitable relief the Court deems proper.

## XI.
## RESPONDEAT SUPERIOR

57. Plaintiff incorporates each of the foregoing paragraphs.

58. Defendant is liable for the acts and/or omissions of its respective agents, representatives, employees, servants, and officers.

## XII.
## JURY DEMAND

59. Plaintiff demands a trial by jury.

## XIII.
## CONCLUSION AND PRAYER

60. Plaintiff respectfully requests that Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment awarding Plaintiff:

    A.    Back pay and front pay (including benefits);

    B.    Compensatory damages;

    C.    Punitive damages;

    D.    Injunctive and declaratory relief, including but not limited to, an Order:

        a.    Prohibiting Defendant from engaging in unlawful discrimination;

        b.    Reinstating Plaintiff's employment with Defendant with backpay;

        c.    Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

        d.    Paying court costs;

        e.    A declaration that Defendant violated Plaintiff's rights under state and federal law, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

        f.    Any additional equitable relief the Court deems proper;

    E.    Court costs;

    F.    Pre-judgment and post-judgment interest at the rate set by law; and

    G.    All legal or equitable relief this Court deems proper.

                Respectfully submitted,

                */s/ Jamie J. Gilmore*
                Jamie J. Gilmore
                State Bar No. 24045262
                jgilmore@galyen.com
                Brittney L. Thompson
                State Bar No. 24104618
                bthompson@galyen.com
                **BAILEY & GALYEN**
                1300 Summit Avenue, Suite 650
                Fort Worth, Texas 76102
                Telephone: 817-276-6000
                Facsimile: 817-276-6010

                **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                */s/ Jamie J. Gilmore*
                JAMIE J. GILMORE